UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 22 2019 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

WILLIAM APONTE,

                Defendant.

18-CR-00215

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**Parties**

For United States of America

For Defendant

**Appearances**

Erin E. Argo
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Donald D. duBoulay
305 Broadway, Suite 602
New York, NY 10007

1

Jack B. Weinstein, Senior United States District Judge:

**Table of Contents**

I. Introduction ...................................................................................................................2
II. Instant Offense.............................................................................................................2
    A.    Count One........................................................................................................2
    B.    Count Two .......................................................................................................3
III. Guilty Plea ..................................................................................................................3
IV. Sentencing Hearing.....................................................................................................3
V. Guidelines Range.........................................................................................................3
VI. Law.............................................................................................................................4
VII. 18 U.S.C. § 3553(a) Considerations .........................................................................4
VIII. Sentence...................................................................................................................6
IX. Conclusion..................................................................................................................7

## I. Introduction

William Aponte ("Aponte" or "defendant") pled guilty to one count of knowingly and intentionally obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce, by robbery in violation of 18 U.S.C. § 1951(a). He had held up a number of livery cab drivers for cash, threatening them with what appeared to be a real firearm, but which was later determined to be fake.

Aponte is a 27 year old Brooklyn resident with an extensive criminal history. A father to a 2 year old boy, defendant hopes to build a relationship with his son at what is a critical age in the child's development.

## II. Instant Offense

### A. Count One

On October 3, 2017, defendant and a co-conspirator were picked up by a livery cab driver in Brooklyn. Presentence Investigation Report ("PSR") ¶ 10. Upon arriving at their stop, defendant brandished what appeared to be a firearm and threatened the driver, "Don't turn around or I will blow your head off. Give me your money." *Id.* After the driver handed over approximately $200, Aponte fled on foot with his co-conspirator. *Id.*

2

### B. Count Two

On October 5, 2017, a livery cab driver picked up defendant in downtown Manhattan and drove him to Brooklyn. PSR ¶ 11. Upon leaving the cab, defendant approached the front passenger side of the car. *Id.* He pointed what appeared to be a real firearm at the driver's head, stating, "Give me all your money." *Id.* The driver gave him approximately $278. *Id.* Defendant fled on foot and entered a parked vehicle. *Id.* ¶ 12. He then led police offices on a brief chase, crashing into a number of vehicles before being apprehended. *Id.*

### III. Guilty Plea

Defendant pled guilty on January 30, 2019 to count one, Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). PSR ¶ 1-2.

### IV. Sentencing Hearing

A sentencing hearing was conducted on May 29, 2019 and June 6, 2019. *See* Sent. Hr'g Tr., May 29, 2019; Sent. Hr'g Tr., June 6, 2019. The proceedings were recorded on video to develop an accurate record of body language and courtroom atmosphere. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("[An appellate court's] *de novo* review would be factually deficient without a video record of the district court's sentencing hearing"). Aponte's mother, sister, cousin, and girlfriend were present to support him. *See* Sent. Hr'g Tr., May 29; Sent. Hr'g Tr., June 6, 2019. His girlfriend, and mother of his son, spoke about the importance of having defendant present in the child's life. *See* Sent. Hr'g Tr., June 6, 2019.

### V. Guidelines Range

The base offense level is 20. *See* U.S.S.G. § 2B3.1(a); PSR ¶ 18. Three levels were added because defendant possessed and brandished what appeared to be a dangerous weapon.

*See* U.S.S.G. § 2B3.1(b)(2)(E); PSR ¶ 19. The offense level was decreased by three levels for acceptance of responsibility and timely notification of a guilty plea. *See* U.S.S.G. § 3e1.1(b); PSR ¶ 25-26. The total adjusted offense level is 20. PSR ¶ 27.

Because of his criminal history and the instant offense having been committed while he was on parole, defendant's criminal history is IV. *Id.* ¶ 33-34. Under the Guidelines, the imprisonment range is 51 to 63 months. *Id.* ¶ 74.

## VI. Law

The United States Sentencing Guidelines are advisory, rather than mandatory. *United States v. Booker*, 543 U.S. 220, 245-46 (2005). The district court "may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). If a district court judge determines that justifications are so compelling, he or she may impose a sentence outside the range of the Guidelines. *Id.*

The district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court will then "make an individualized assessment based on the facts presented" and "state in open court the reasons for its imposition of the particular sentence." *Id.* at 50; *see also* 18 U.S.C. § 3553(c).

## VII. 18 U.S.C. § 3553(a) Considerations

Aponte is 27 years old. PSR ¶ 43. He was born in Brooklyn, New York. *Id.* He is the oldest of three siblings reared in a low-income Brooklyn household. *Id.* ¶ 44-45. He has a good relationship with his mother. *Id.* ¶ 43.

His father was an alcoholic who would regularly physically abuse defendant as a child. *Id.* ¶ 45. Although physical abuse would eventually stop, verbal abuse continued. *Id.* His relationship with his father has improved in recent years. *Id.*

Defendant was forced out of his family home when he was 17 years old. PSR ¶ 48. He dropped out of tenth grade and has not earned a GED or equivalent high school diploma. *Id.* ¶ 63. Working sporadically in construction, he has never had stable employment. *Id* ¶ 65.

Aponte was diagnosed with attention deficit hyperactive disorder ("ADHD") as a child and with bipolar disorder when he was 12 years old. *Id.* ¶ 55. He was prescribed daily medications as treatment, but began rejecting his prescriptions at age 16. *Id.* While in custody in 2009, the defendant attempted suicide three times, twice by hanging. *Id.* ¶ 56. He has trouble sleeping and suffers from depression and anger problems. *Id.* ¶ 57. He is not currently on any mental health medication. *Id.*

Defendant has struggled with drug addiction. *Id.* ¶ 59. From 2006 until his arrest for the instant offense, the defendant used $100 worth of marijuana each day. *Id.* He also snorted heroin several times a day before his arrest. *Id.*

Aponte has maintained an intermittent relationship with a 24 year old woman who works as a secretary at a law firm. *Id.* ¶ 46. The relationship produced one healthy 2 year old child, who resides with the mother in Brooklyn. *Id.* She describes the defendant as a "good man, who has a good heart, but has made bad choices." *Id.* ¶ 47. Regarding the instant offense, she noted that the defendant was in desperate need of money after the birth of their son. *Id.*

Defendant has a lengthy criminal history. *See* PSR ¶ 30-32. When he was 17 years old, he committed robbery by threatening the victim with what appeared to be a firearm. *Id.* ¶ 30. He was sentenced to 66 months in custody for robbery in the first degree and petit larceny. *Id.*

During his stay in the correctional facility he incurred numerous infractions, some of them gang related. *Id.* He claims to no longer be affiliated with any gang. Sent. Hr'g Tr. 20:21-23, May 29, 2019.

**VIII. Sentence**

Aponte is sentenced to two years' incarceration and three years of supervised release. A $100 special assessment is imposed. An order of forfeiture in the amount of $200 has been entered. *See* Order of Forfeiture, ECF No.34. No fine is imposed. An order of restitution may be submitted by the government. Sent. Hr'g Tr. 5:2-7, May 29, 2019.

While in prison, defendant should be required to participate in mental health treatment and a substance abuse program. *See* U.S.S.G. § 5D1.3(d)(4); U.S.S.G. § 5D1.3(d)(5); Sent. Hr'g Tr. 25:12-14, May 29, 2019. He ought to be required to try to earn his G.E.D. Sent. Hr'g Tr. 22:2-3, May 29, 2019.

On supervised release, defendant will be subject to the mandatory conditions of U.S.S.G. § 5D1.3(a) and standard conditions of U.S.S.G. § 5D1.3(c), and, as appropriate, the special and additional conditions of U.S.S.G. § 5D1.3(d) and U.S.S.G. § 5D1.3(e).

Full consideration was given to the seriousness of the defendant's criminal conduct and his history of violent conduct. The defendant has exhibited a pattern of repeated predatory action. He used intimidation and fear to threaten his victims. Though the "firearm" was fake, it appeared real to his victims, and the frightening impact of the event will likely follow them for the rest of their lives. He stole from low-income worker trying to earn a living. *See* Emma G. Fitzsimmons, *Taxi Drivers in New York Are Struggling. So Are Uber Drivers.*, N.Y. Times (June 17, 2018), https://www.nytimes.com/2018/06/17/nyregion/uber-taxi-drivers-struggle.html?searchResultPosition=9 (explaining that drivers are struggling to make a living

wage and support their families). The sentence serves to protect the public from further violent acts of the defendant through incapacitation.

Consideration was given to his family's needs. Defendant expresses a desire to be present in his child's life. This sentence will provide defendant with an opportunity to form a meaningful relationship with his child upon release from prison. His son is at a crucial stage of development. A longer term of imprisonment risks exacerbating the damage caused by the father's absence. *See* Clare Huntington, *Early Childhood Development and the Law*, 90 S. Cal. L. Rev. 755, 778 (2017) ("Parental absence due to incarceration affects children of all ages, but the problem is particularly acute during early childhood when parents play such a pivotal role in child development.").

## IX. Conclusion

All relevant issues have been considered, with special attention given to the Guidelines, to ensure a sentence that is "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: June 26, 2019
Brooklyn, New York